## Speer v. School District of the Borough of Collingdale

*Peter J. Nolan,* for plaintiff.

*Joseph R. Young,* for defendant.

TOAL, J., January 27, 1961.—Plaintiff, a teacher in the School District of the Borough of Collingdale since 1938, filed her complaint in assumpsit against the school district, claiming $2,000. The claim is that plaintiff earned her master's degree and is, therefore, entitled to $200 more each year than she received in each of the school years commencing with the school year 1948-49 and down to and including the school year 1957-58. A stipulation has been entered into by respective counsel agreeing that the case of Frieda L. Hurlbrink v. School District of the Borough of Collingdale, no. 2251, September term, 1959, is a companion case to the above-captioned case and that the facts in each case are the same, excepting the amounts claimed to be due to each plaintiff. Anna J. Speer claims there is due and owing to her the sum of $200 for each of 10 years, and Frieda L. Hurlbrink claims there is due and owing her the sum of $200 for each of 11 years. It is also agreed that the briefs submitted and the arguments made on defendant's motion for judgment on the pleadings are equally applicable to both cases, and the court's decision in the one case shall apply to the other in the same manner as if a formal written opinion was given in both cases.

Defendant school district filed its answer admitting that plaintiff had not received the additional compensation of $200 in any one year, specifically allocated as compensation for the earning of a master's degree. Under new matter, defendant avers that plaintiff's cause of action is barred by the statute of limita-

tions; that plaintiff is guilty of laches; that plaintiff and defendant entered into a written contract of employment at a stated annual compensation on June 14, 1951, in accordance with the Public School Code of 1949, and that plaintiff at no time since September 1948 requested a hearing by the board of directors of the school district to avail herself of the statutory remedy provided by the Public School Code of 1949. Plaintiff filed her reply to new matter, and defendant filed a motion for judgment on the pleadings. The matter has been argued before the court en banc with submission of written briefs by both sides and is now ready for a decision.

The relations of the parties, that of school teacher to a public school district, is, in the present case, based upon a contract of employment of a professional employe in writing, *under seal*, dated June 14, 1951, for an annual compensation. The said contract was subject to cancellation by the professional employe by written resignation presented 60 days before resignation became effective or by the board of school directors by official written notice presented to the professional employe: Provided, That said notice shall designate the cause for the termination and shall state that an opportunity to be heard shall be granted if the said professional employe, within 10 days after receipt of the termination notice, presents a written request for such a hearing. Until the contract was terminated, as above provided, it was to continue in force year after year. The contract further provided that:

"This contract is subject to the provisions of the 'Public School Code of 1949' and the amendments thereto.

". . . *none of the provisions of this act may be waived either orally or in writing*." (Italics supplied)

There is no question that plaintiff, therefore, has two sources upon which she may be entitled to claim

compensation for services rendered: First, the sealed contract of professional employment and, second, the aforementioned Public School Code, as amended. The contract is indivisible from the Public School Code. The execution of the employment contract gave plaintiff the status of a professional employe, and the Public School Code gave her certain mandatory rights which she cannot legally be deprived of now.

The present suit is predicated upon section 1144 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §1144, inter alia, as follows:

"Additional Increments for College Certificate or Master's Degree — Any professional employe, who, during the term of his employment, shall receive a college certificate or shall earn a Master's Degree, shall, commencing with the next succeeding school term, be entitled to the compensation prescribed for his new status, which shall be at least two hundred dollars ($200) in excess of the increment earned by him during the previous year."

It seems clear that it is the policy of the legislature as expressed in the code to provide financial incentive to public school teachers to take additional training. The only requirement that the professional employe must meet is to obtain a master's degree, and he is entitled to a mandatory compensation of $200 in addition to his increment earned by him during the year previous to him becoming a master.

Defendant asks for judgment in its favor based on four reasons which we will discuss seriatim.

1. *Plaintiff's action is barred by the statute of limitations*: The pleadings show that plaintiff's cause of action is based upon a written contract of employment under seal, and, therefore, it is not subject to the six years' limitation provided by the Act of Assembly of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31. We

feel that it is not necessary to cite any decision to support the above statement. Plaintiff's cause of action is also based upon the provisions of the code, which on their face. are mandatory and cannot be waived by either the school board or by the professional employe and are made an indivisible part of the contract of employment by its own terms. We, therefore, find that plaintiff's cause of action is not barred by the statute of limitations commencing June 14, 1951, the date of the contract between the parties.

2. *The plaintiff is guilty of laches*: We dismiss this reason because we are of the opinion that the only requirement plaintiff had to meet was to earn her master's degree, and she then became entitled to the additional increment the year following her acquiring said master's degree. This increment she was entitled to receive each subsequent year during the term of her employment.

3. *Plaintiff entered into a written contract of employment at a stated annual compensation on June 14, 1951, in accordance with the Public School Code of 1949:* This reason is dismissed because, rather than vitiating plaintiff's cause of action, it buttresses same and, indeed, without such a written contract, plaintiff might be denied a cause of action.

4. *That plaintiff at no time since September 1948 requested a hearing by the board of directors to avail herself of the statutory remedy provided by the Public School Code of 1949:* This refers to the provision in the code which entitled a professional employe to request a hearing within 10 days after notice of dismissal or demotion has been given to the said professional employe. Defendant maintains that when plaintiff was not paid the additional increment in any one year after she had earned her master's degree, she, in fact, suffered a demotion in salary. If this were true, then

she might be said to have waived her rights when she failed to request the hearing provided by statute and, having done so, is now barred from asserting said rights at this late date. The answer to this point is to ask the question, "How can you be demoted from that which you never had?" Had she received payment of the additional increment in any one year and, later, had same deducted from her salary in a subsequent year, she could be said to have been demoted in salary and would then be required to seek redress under the provisions of the code. However, the pleadings in the case at bar show that plaintiff never was paid the additional increment until the school year of 1958-59 and was, therefore, not subjected to a demotion in salary during the previous term of the written contract of employment.

It would appear from the pleadings that defendant does not deny that plaintiff has earned the additional increment, but is merely saying that plaintiff has waited too long to assert her right or has not taken the proper proceedings to collect the money due and owing. We now say that the time element is not pertinent under the facts of this case. We also say that a suit in assumpsit is proper to bring the matter before the court. Defendant has asked for judgment in its favor on the pleadings. However, we are of the opinion that judgment in favor of plaintiff on the pleadings should be given, and we find that, as there is no dispute as to the factual situation, judgment is hereby rendered in favor of plaintiff and against defendant in the amount of $200 for each school year commencing with the school year 1952-53 and ending with the school year 1957-58, or for a period of six years, making a total of $1,200. Judgment for the school year 1948-49 and down to and including the school year 1951-52 is hereby denied for the reason that the pleadings fail to show the existence of a written contract

of employment prior to June 14, 1951, and, as the claim must be predicated on such a contract, the failure of plaintiff to plead same bars judgment in her favor for the four years involved. Accordingly, the following is made:

### Order

And now, January 27, 1961, a motion for judgment on the pleadings having been filed by defendant, and after argument and written briefs submitted, it is hereby ordered, directed and decreed as follows:

1. That defendant's motion for judgment in its favor on the pleadings be and it is hereby dismissed; and

2. That judgment on the pleadings be rendered in favor of plaintiff, Anna J. Speer, and against defendant, School District of the Borough of Collingdale, in the sum of $1,200; and

3. That the costs of the case be paid by defendant, and each of the parties is hereby granted an exception to the action taken herein.